Price, J.
The record shows, that during the summer and fall of the year 1908 and up to December 10th, one E. S. Keiter, as road superintendent of district No. 1 of Xenia township, Greene county, appropriated for road purposes, three hundred and- forty-eight cubic yards of gravel, the property of the plaintiff in error, which said superintendent used for repairing the roads within said district. The value of the gravel was placed at eight cents per cubic yard for which the superintendent gave the owner a certificate to the township trustees showing the appropriation at said rate amounted to $27.84.
On the 28th day of December, 1908, the township trustees examined and allowed the bill in said amount, and certified the same to the commissioners of the county, under a provision of the statute for that purpose, on the ground that said trustees had within the past year paid out for such material for road purposes the sum they are authorized by law to pay, to-wit, $25.00. The plaintiff in error appeared before the county commissioners with his said certificate and asked for its payment, who after consideration, on the 30th day of January, 1909, refused to allow or pay the same, assigning as reason, that the claim is not just or equitable.
Thereupon, plaintiff in error gave notice to the commissioners of his intention to appeal from- the decision of the commissioners to the court of common pleas of Greene county, and -the commis *317 sioners fixed the bond for appeal at $110 which bond was given -and duly approved. A transcript of the proceedings had before the trustees and commissioners was filed in the court of common pleas, and also a petition setting out said claim, its allowance by the trustees and its disallowance by the county commissioners. The prayer of the petition “asks the court to hear and determine whether the claim of plaintiff is or is not just and equitable, and if the same be found just and equitable, that plaintiff’s claim be allowed with interest.”
The county commissioners were made defendants to the petition, and in due time filed a motion to dismiss the appeal for the following reasons:
“1st. There is no provision of law which warrants or provides for such appeal. .
“2d. The appeal is not one provided in Sections 4715 and 4688, Revised Statutes of Ohio.”
The court of common pleas sustained the motion and dismissed the appeal, and its judgment was affirmed by the circuit court. These judgments ■are for review here upon a petition in error for that purpose.
It is quite clear that the appeal attempted to be taken in this case is not authorized by Section 4715, Revised Statutes, referred to in the motion. It is in the first provision of chapter 5, title VII, entitled: .“Road Superintendents and Road Work.” The first clause prescribes the duties of such superintendents, and then provides tha-t they “may enter upon any uncultivated or improved lands, unencumbered by crops, near to or adjoining such roads, cut or carry away timber, except trees or *318 groves, or improved lands planted or left for ornament or shade, and may dig or cause to be dug and carried away, any gravel, sand or stone which may be necessary to make, improve or repair any such road, and that the owner of such property so taken by the road superintendent be paid a reasonable compensation therefor to be assessed by the trustees, and said claimant, for his damages, may have an appeal as hereinbefore provided for in section forty-six hundred and ninety-nine (4699) and the amount found due shall be paid as provided in section four thousand seven hundred and forty-five (4745).”
When we turn to Section 4699, above referred to, for right of appeal, we find the following provision: “Every claimant.of compensation and damages on account of the establishment or alteration of a county or township road, or alteration of a state road, or change in width of a county road, may appeal to the probate court from the final decision of the county commissioners or township trustees, confirming the assessment of compensation and damages made by the viewers in his behalf, or the refusal of the viewers to award damages to him, which appeal shall be perfected and docketed in the mode hereinbefore prescribed in section forty-six hundred ninety (4690),” etc.
The latter section prescribes what transcript and papers, etc., shall be transmitted to the probate court and how the case shall be docketed. It is apparent that Section 4715 construed with Section 4699, authorizes an appeal in certain cases named to the probate court, but not to the court of common pleas. Nor do the sections cover a claim *319 like the one here involved. Therefore, the appeal in this case cannot be sustained by those sections.
Neither can it be sustained by Section 4688, referred to in the motion, which reads: “An appeal from the final order of the county commissioners establishing a county road, or altering", or vacating, in whole or in part, a state or county road, or changing the width of a county road, may be taken to the probate court of the same county by any person having an estate in fee, for life, or years, in any lands or tenements, situate in any township in the county, in or through which township such new, altered, changed, or vacated road passes, or by the husband of any married woman, or guardian of any ward having such an estate.”
The title of the chapter of which this section forms a part is: “Appeals in Road Cases.” Clearly it does not cover or embrace the right to appeal in the present case. If it could be so construed, the appeal must go to the probate court and not to the court of common pleas.
However, the plaintiff in error has confidently selected Section 896, Revised Statutes, in support of his appeal. It reads: “If a person is aggrieved by the decision of the county commissioners in any case, such person may, within fifteen days thereafter, appeal to the next court of common pleas, notifying the commissioners of such appeal at least ten days before the time of trial, which notice shall be in writing and delivered personally to the commissioners, or left with the auditor of the county, and the court shall, at their next session hear and determine the same, winch decision shall be final.”
*320 This section with a slight change of a few words not affecting its meaning, has been in our statutes before and since the year 1853 (S. & C., 247), and is a part of chapter 1, title VIII, which prescribes the powers and duties of county commissioners. Among the powers conferred and duties devolved are the making and enforcing various contracts with relation to county affairs, allowance of claims against the county, etc.
A claim of this character was involved in Shepard v. The Commissioners of Darke County, 8 Ohio St., 354 — a claim made by the county recorder for indexing records under a contract. Dispute over the amount charged for the work arose. The commissioners allowed part of the bill and refused the remainder. It was held that a right of -appeal to court of common pleas existed.
The section was under consideration again in Bowersox et al. v. Watson et al., 20 Ohio St., 496, and the principle there held is, that under its provisions, “appeals are allowed from the decisions of boards of county commissioners made only in cases founded upon claims and demands against the county in its quasi corporate capacity.”
The same statute was again under consideration in Commissioners of Belmont County v. Ziegelhofer. 38 Ohio St., 523. It is there decided that where a claim against a county, which must be allowed by the commissioners before it can be paid, is founded exclusively on a statute the remedy by «appeal provided by Section 18 (now 896) is exclusive; but where such claim is founded upon a contract, which the commissioners are *321 authorized to make, and they refuse to perform, or disallow the claim, the remedy by' appeal is cumulative merely. In the case at bar there was no contract or arrangement for the gravel with the county commissioners. The claim was made to the township trustees and it being for more than twenty-five dollars was by them certified to the commissioners by virtue of Section 4745, Revised Statutes. The commissioners refused to order it paid, and it never became a claim against the county. There is a later case where the question of appeal has been discussed and decided— Hendershot v. The State, 44 Ohio St., 209. The syllabus of the case is silent on the subject of appeal, but it is considered in the disposition made of it in the opinion of the court. It is stated in the syllabus that, “there is no provision in the statutes whereby the owner of materials taken by a supervisor for the repair of a public highway, under Section 4715 of the Revised Statutes, can have its compensation assessed by a jury as required by Section 19 of the bill of rights, and it is therefore invalid, and the owner, resisting a' supervisor entering upon his lands under the provisions of said section, is not guilty of resisting an officer under the provisions of Section 6908 of the Revised Statutes.”
This syllabus indicates the nature of that case. A supervisor of the highway was resisted in his attempt to enter upon the premises of the accused and remove therefrom materials for the repair of the highway. The officer relied for his authority upon Section 4715, Revised Statutes. It makes no provision for the assessment of his compensa *322 tion by a jury as required by Section 19 of the bill of rights, and for this reason the court held the section void.
In the opinion of the court it is -said: “We fail to find any provision in the statutes by which the owner of property taken under Section 4715 of the Revised Statutes can have his compensation assessed by a jury. It is not found in Sections 4744 and 4745. These sections only provide a mode by which he may be paid such sums as may be allowed to him by the township trustees, and where the amount exceeds the sum of $25, by the latter in connection with the county commissioners. No appeal is given from the decision of the trustees or commissioners to a court in which the owner may have his compensation assessed by a jury. The provisions of Section 8p6, Revised Statutes, giving an appeal from the commissioners, is not applicable to this case. Provision is made in Sections 1483 and 1484 whereby material may, in conformity to the constitution, be condemned for the repair of roads; but no such condemnation had been made in this case.”
In pursuance of the above holding the accused was discharged, thus upholding the right of the accused to resist the officer.
We have here an express holding that the plaintiff in error had no right to appeal to the court of common pleas under Section 896, Revised Statutes.
The claim involved here was certified by the road supervisor, stating its nature and amount, and the trustees examined and allowed it as a valid claim, but as it was for more than $25 *323 they' certified it to the commissioners who held it not to be “just and equitable” as against the county. By the examination and allowance, the trustees ratified the act of the supervisor who is subject to the will of the trustees, and it need not be said that because there is no right of appeal from the decision of the county commissioners to the court of common pleas the owner is without remedy.
The case of Hendershot v. The State, supra, was decided by this court in the year 1886. It would seem that after the statute then existing was held invalid in that case, the legislature attempted to so amend Section 4715, Revised Statutes, as to avoid the force of the decision, and on April 10, 1889, the general assembly did amend the section to provide for an appeal in the following language: “And the owner of such property so taken by ’the supervisor, be paid a reasonable compensation therefor, to be assessed by the trustees, and said claimant, for his damages, may have an appeal, as herein provided for in section fortjr-six hundred and ninety-nine, and the amount found due shall be paid as provided in Section 4745.”
. We have already found that Section 4699 provides for an appeal to the probate court, and not to the court of common pleas, and hence the court of common pleas did not err in dismissing the appeal in the present case.
But why appeal to any court as a remedy for plaintiff in error? The trustees did assess his damages, or compensation, and allowed the claim. Therefore, a trial by jury was not necessary. *324 There was no attempt to appeal on account of the amount allowed. That was satisfactory to the landowner, and the only subject of controversy was the source of payment. The trustees, thinking the amount beyond their jurisdiction under the statute, as it exceeded twenty-five dollars, certified the same to the commissioners, under Section 4745, and that board, having discretion in the matter declined to order payment by the county. What is the result? The statute (Section 4715) says, “the amount found due shall be paid * * This bill is still the debt of the township, the 'commissioners having refused payment. The township trustees cannot avoid the debt by merely certifying it to the commissioners. The former made a satisfactory assessment of the compensation, and, under the facts, they are liable for its payment. They appropriated the gravel for public purposes, or ratified the act of the i;oad supervisor in appropriating it, and if they failed to shift the claim to the county, it remained as a debt against the township. If they refuse on demand to make payment, or a levy to make payment, the trustees are capable of being sued in a civil action to recover the amount of the bill allowed by them.
We have thus gone somewhat beyond the point necessary to be decided in this case, to end a controversy, or point out a remedy which the party may pursue, if he so desires.

Judgment affirmed.

Summers, C. J., Crew, Spear, Davis and Shauck,-JJ., concur. ■ .